557 F.Supp. 877 (1983)
Jesse SMITHERMAN, Plaintiff,
v.
NEW YORK CITY DEPARTMENT OF CORRECTION INVESTIGATION COMPLAINT UNIT, Captain Hunter, Rikers Island Warden West, City Commissioner Benjamin Ward, Rikers Island Official Haydey, Defendants.
No. 82 Civ. 617(MP).
United States District Court, S.D. New York.
January 19, 1983.
Jesse Smitherman, pro se.
Frederick A.O. Schwarz, Jr., Corp. Counsel by Kenneth A. Sommer, Asst. Corp. Counsel, New York City, for defendant.

OPINION AND ORDER
MILTON POLLACK, District Judge.
Defendants New York City Department of Correction Investigation Complaint Unit (Department) and Captain Hunter (Hunter) move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). In particular, defendants state that (1) all of plaintiff's claims are barred by applicable statutes of limitation, (2) that the complaint fails to state a claim upon which relief can be granted and (3) that the complaint fails to allege the personal involvement of defendant Hunter and thus fails against him. For the reasons set forth below, plaintiff's claims are in all respects dismissed.
Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 for injuries allegedly inflicted upon him by medical officials at the Rikers Island House of Detention for Men. Plaintiff was detained at Rikers Island from July 1, 1977 to August 19, 1977. During this period he was allegedly treated for syphilis with the antibiotic vibramycin. Plaintiff complains that this drug caused negative side effects including bleeding, dizziness, respiratory difficulty and pain. He further claims that the drug caused the development of a tumor under his left ear and the deformity and underdevelopment of the left side of his body.

*878 Statutes of Limitation.

Plaintiff's complaint was filed with the Clerk of this Court on February 1, 1982, almost four and one half years after the drug was administered. Varying statutes of limitation are applicable under the Sections upon which plaintiff sues. Section 1986 of Title 42 of the United States Code specifically sets forth a one year period of limitation:
... no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.
Congress has not provided a federal statute of limitations for actions brought under 42 U.S.C. §§ 1983 and 1985. It is well settled that federal courts reviewing such claims must apply an analogous state period of limitations. Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980). The appropriate statute of limitations for civil rights actions brought in district courts in New York is the three year period[1] found in N.Y.Civ.Prac.Law and Rules § 214(2). See Pauk v. Board of Trustees, 654 F.2d 856, 861-66 (2d Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982).
Federal law governs the time of accrual of claims under the federal civil rights statutes. See Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1638, 67 L.Ed.2d 347 (1981). Plaintiff's claim in this case accrued at the time that he knew or had reason to know of the injury that is the basis of his claim. Id. Plaintiff's complaint alleges that the treatment for syphilis with vibramycin terminated on August 3, 1977. Moreover, plaintiff contends that he complained of his adverse reactions to medical officials while he was being treated. There is no question that plaintiff's claims accrued as of August 3, 1977. Neither delay in the delivery of medical records nor subsequent side effects that are related to the original injury can serve to delay the date of accrual. These events do not toll the operation of the statute of limitations, as well.
As calculated from August 3, 1977, plaintiff's § 1986 claim is time-barred under the one year period of limitations and his § 1983 and § 1985 claims are time-barred under the borrowed New York three year period of limitations. As a result, plaintiff's claims are in all respects dismissed.

Failure to State a Claim.
Plaintiff's claim that he was administered a drug that was improper to combat his diagnosed syphilis, does not evidence deliberate indifference to plaintiff's medical needs. Moreover, the allegedly improper treatment does not shock the conscience, nor does it constitute a barbarous act. Plaintiff's claim amounts to little more than a claim of medical malpractice, and as such it lacks the requisite Constitutional or statutory basis for a civil rights claim under 42 U.S.C. §§ 1983, 1985 or 1986. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); Koch v. Yunich, 533 F.2d 80, 85 (2d Cir.1976); United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 866 (2d Cir.1970).
Thus, plaintiff fails to make allegations that would support a claim for relief. The claims must be dismissed in all respects pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Conclusion.
For the foregoing reasons, defendants Department and Hunter's motion to dismiss is granted.[2] Since plaintiff's complaint suffers from identical infirmities with respect to defendants Ward and Haydey, the complaint is dismissed for failure to state a claim as against these defendants, as well.
NOTES
[1] The only other possible period of limitations is that governing medical malpractice claims  CPLR § 214-a. This section contains a two year and six month period of limitations and is thus less favorable to plaintiff.
[2] The Court does not need to reach Defendant Hunter's argument that lack of Hunter's personal involvement is an independent ground for dismissal.